IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| CHARLES WALTER COOMBS; <br> AND CYNTHIA ANN COOMBS, | ] | |
| Plaintiffs, ] | | C/A No.3:04-23127-10BD |
| vs. | ] | |
| | ] | O R D E R |
| JUDGE JOSEPH M. STRICKLAND; AND FIRST PALMETTO SAVINGS BANK, | ] ] | |
| Defendants. | ] | |

This case is before the Court pursuant to a report and recommendation submitted by United States Magistrate Judge Bristow Marchant, to whom it was referred for review under 28 U.S.C. §636 and this Courts local rules. The action was commenced by the *pro se* plaintiffs, Charles Walter Coombs and Cynthia Ann Coombs against the defendants, Judge Joseph Strickland, the presiding judge in the state court foreclosure action and First Palmetto Savings bank, which commenced the state court foreclosure action of which the plaintiffs complain. As observed by the Magistrate Judge, the plaintiffs' titled their action "declaratory judgement (an ex parte action) for civil rights violation." The Complaint presents three causes of action: "Wrongful Foreclosure;" "Failure of Due Process;" and "Frauds." The plaintiffs request this court to declare the state court judgment void and

1

"issue such Declaratory Judgment; to set aside Sale, and to remand issues set forth to be heard by a jury before by a jury before the District Circuit Courts at Law. . ."

Upon review, the Magistrate Judge observes that the plaintiffs' claims are subject to summary dismissal because the Court is without jurisdiction to consider them. The proceedings and rulings made by a state Court cannot be reviewed or set aside by this Court. **See District of Columbia Court of Appeals v. Feldman**, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determination of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. §1257). **See also, Rooker v. Fidelity Trust Co.**, 263 U.S. 413 (1923). This prohibition of review of state court orders by federal district courts is generally known as the Rooker-Feldman doctrine. **Ivy Club v. Edwards**, 943 F.2e 270, 284 (3d Cir. 1991). Appeals of orders issued by lower state courts must proceed to a higher state court. Only the United States Supreme Court may review a decision of a state's highest court. See 28 U.S.C. § 1257. In recognition of the foregoing principles, the Magistrate Judge recommends that this action be dismissed.

The plaintiffs object to the recommendation and they have filed a document entitled "Objection to the Red Tape". However, no useful purposes will be served by quoting or setting forth the contentions and arguments which the plaintiffs have advanced, because they are lacking in merit. The Magistrate Judge is correct. This Court does not have the authority to review the state court's decision of which the plaintiffs complain. The plaintiffs could have sought review of the foreclosure order by appealing to a higher state court in accordance with applicable South Carolina statutory provisions. Moreover, even if these

claims were not barred by the Rooker-Feldman doctrine, the action could not proceed. The doctrine of judicial immunity precludes this action against Judge Joseph M. Strickland for his judicial acts. See **Mireles v. Waco**, 502 U.S. 0 (1991); **Stump v. Sparkman**, 935 U.S. 349, 351-79, 81); **Presley v. Gregory** 831 F.2d 514, 517 (4th cir. 1987); and **Chu v. Griffin**, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a threshold issue which requires summary dismissal. **Siegest v. Gilley**, 50 U.S. 226 (1991); **Mitchell v. Forsyth**, 472 U.S. 511, 526 (1985). First Palmetto Bank is a private entity and is not alleged to have acted under color of state law. To proceed against First Palmetto under 42 U.S.C. §1983 as plaintiffs seek to do, the plaintiffs must allege that the bank, deprived them of a federal right and did so under color of state law. **Gomez v. Toledo**, 446 U.S. 635, 640 (1980). Private activity will generally not be deemed "state action" unless the state has so dominated such activity s to convert it into state action. The plaintiffs do not allege facts that implicate state action by the bank. The plaintiffs' objections do not address these principles. As previously stated, the objections are without merit.

Upon consideration and for the reasons stated by the Magistrate Judge, the recommendation is approved. This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

                  s/MATTHEW J. PERRY, JR.
                  SENIOR UNITED STATES DISTRICT JUDGE

**June 2, 2005**
**Columbia, South Carolina.**